UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALBERTA NORRIS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO.   3:04cv543 (MRK) |
| | : | |
| THE CITY OF NEW HAVEN, | : | |
| | : | |
| Defendant. | : | |

## RULING AND ORDER

In this action, Ms. Norris, an African-American Administrative Assistant in the City's Department of Police Services, claims that the City of New Haven failed to increase her compensation in accordance with the City's Civil Service Rules & Regulations for a period of several years, pursuant to its alleged discriminatory policies and practices. Ms. Norris further claims that when she filed complaints with the Connecticut Commission on Human Rights & Opportunities and pursued union grievances over these practices, the City persisted in failing to remedy the wage inequity allegedly in retaliation for her complaints. Ms. Norris sues the City for alleged violations of her rights under the First and Fourteenth Amendments and Title VII.  *See* Am. Compl. [doc. # 15]; Def.'s Mem. in Support of Summ. J. [doc. # 39].

Currently pending before the Court is the Defendant's Motion to Disqualify [doc. # 61]. The motion seeks to disqualify Attorney Martin Echter and the law firm with which he is associated from representing the Plaintiff in this action.[1]  Mr. Echter is a relative newcomer to this case, which had

---

[1] The motion seeks to disqualify both Mr. Echter and the Law Offices of Patricia A. Cofrancesco, the law firm with which Mr. Echter is associated. However, Defendant's arguments for disqualification of the law firm are merely derivative of its claims regarding Mr. Echter. That

been pending for approximately two years when he filed his appearance in late April 2006. Mr. Echter served as Deputy Corporation Counsel of the Defendant City of New Haven from July 1984 through January 1998, and again from November 2001 through September 2004. It is his legal representation of the City during those time periods that is the basis for the present motion.

Rule 1.9 of the Model Rules of Professional Conduct governs the obligations of attorneys to their former clients:

> A lawyer who has formerly represented a client in a matter shall not thereafter: (1) Represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or (2) Use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when the information has become generally known.

Model Rules of Prof'l Conduct R. 1.9(b); *see American Heritage Agency, Inc. v. Gelinas*, 62 Conn. App. 711 (2001) ("An attorney should be disqualified if he has accepted employment adverse to the interests of a former client on a matter substantially related to the prior representation.").[2]

A motion to disqualify raises a number of competing interests: "(1) the client's interest in freely selecting counsel of her choice, (2) the adversary's interest in the trial free from the risk of even inadvertent disclosures of confidential information, and (3) the public's interest in the

---

is, Defendant does not assert any separate basis for disqualifying the law firm, independent of the imputation of disqualification that arises from Mr. Ecther himself. *See* Model Rules of Prof'l Conduct R. 1.10 (imputing disqualification to a firm with which a lawyer is associated).

[2] The commentary to Rule 1.9 states as follows:
When a lawyer has been directly involved in a specific transaction, subsequent representation of other clients with materially adverse interests clearly is prohibited. . . . the underlying question is whether the lawyer was so involved in the matter that the subsequent representation can be justly regarded as a changing of sides in the matter in question. Information acquired by the lawyer in the course of representing a client may not subsequently be used by the lawyer to the disadvantage of the client.

scrupulous administration of justice." *Hull v. Celanese Corp.*, 513 F.2d 568, 570 (2d Cir. 1975). Because of a concern that such motions may be used for tactical reasons, and in order to safeguard the interests of clients in selecting the lawyers of their choice, the Second Circuit has emphasized that a party moving for disqualification carries a heavy burden, and for this reason, courts should approach motions to disqualify with caution. *See, e.g.*, *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791 (2d Cir. 1983); *Gov't of India v. Cook Indus., Inc.*, 569 F.2d 737, 739 (2d Cir. 1978). The key inquiry is whether the present and former matters are "substantially related." *See, e.g.*, *id.* However, despite the seeming breadth of that phrase, the Rule's substantial relationship test "has been honed in its practical application to grant disqualification only upon a showing that the relationship between the issues in the prior and present cases is 'patently clear' or where the issues are 'identical' or 'essentially the same.'" *Bergeron v. Mackler*, 225 Conn. 391, 399 (1993); *accord Gov't of India,* 569 F.2d at 739; *Rodriguez v. New Haven*, 214 F.R.D. 66, 68 (2003); *Inter\*Act Sys., Inc. v. Catalina Marketing Corp.*, Nos. 3:96cv274 (AWT), 3:98cv422 (AWT), 1999 WL 545533, at \*1383 (D. Conn. Mar. 29, 1999); *Colorpix Sys. of Am. v. Broan Mfg. Co.*, 131 F. Supp. 2d 331, 338 (D. Conn. 2001). That inquiry requires a careful comparison of the similarities between the issues raised in the former and present representation. *See Prisco v. Westgate Entm't, Inc.*, 799 F. Supp. 266, 270 (D. Conn. 1992).

The City does not claim that Mr. Echter represented the City in connection with Ms. Norris' claims while he worked for the City. Instead, the City asserts that the issues in this case are substantially related to issues that Mr. Echter litigated on behalf of the City in other cases during his tenure as Deputy Corporation Counsel. Specifically, the City argues that "Attorney Echter represented the City in litigation regarding promotions, alleged discriminatory employment practices,

and the interpretation and application of the provisions of regarding promotions contained within the Civil Service Rules and Regulations and the City of New Haven Charter," and that the same issues are involved in this action. Defendant's Reply in Support of Motion to Disqualify [doc. # 73], at 1-2 (listing specific cases that are alleged to be substantially related to this action).

The Court does not agree that the relationship between the issues in this case and the other cases cited by the City is sufficiently clear or patent to disqualify Mr. Echter from representing Ms. Norris in this case. It is true that, at a certain level of generality, there is some overlap between the issues in this case and other cases in which Mr. Echter represented the City over his years as Deputy Corporation Counsel. For example, Mr. Echter regularly represented the City and its police department in citizen claims involving unreasonable use of force and in officer claims involving alleged unfair treatment. Ms. Norris works for the police department and is suing the City over her treatment by that department. But that factual overlap is clearly insufficient to trigger disqualification. *See, e.g.*, *Duncan v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 646 F.2d 1020, 1029 (5th Cir. 1981) (stating that "[m]erely pointing to a superficial resemblance between the present and former representations" is not sufficient).

Furthermore, while Mr. Echter did not regularly handle the City's employment litigation, he was involved over the years in litigating claims that the City's promotional practices violated the Constitution. For example, he represented the City in the *Firebirds* and *Broadnax* litigation. *See New Haven Firebird Soc. v. Board of Fire Comm'rs*, 219 Conn. 432 (1991); *Broadnax v. City of New Haven*, 2000 WL 728524 (Conn. Super. May 16, 2000); *see also Kenny v. Civil Serv. Comm'n*, 197 Conn. 270 (1985) (representing City in claim by the Director of Planning and Budgeting for New Haven's Police Department). The *Firebirds* and *Broadnax* cases involved claims that the City's

promotional practices in the fire department violated the City's Charter and Rules & Regulations and were discriminatory, in violation of the Constitution.[3] Ms. Norris also invokes the Constitution, and she also claims that her alleged wage inequity violates the City's Charter and Rules & Regulations. But that is where the similarity ends. The Court is satisfied that the very specific wage inequity and retaliation claims in this case have very little, if anything, to do with the systemic promotional claims litigated in *Firebirds* and *Broadnax*. As one district court noted in a somewhat similar setting,

> It is true that plaintiff's counsel's prior work . . . included work on cases involving Kodak, and that some of those cases dealt with employment discrimination claims. But, that fact is not dispositive. . . . Again, there must be a showing that the current and former representations involved virtually identical issues, or that there is a genuine risk that the attorney may be able to take unfair advantage of his former client by virtue of the prior representation. Such a showing is lacking here.

*Wieme v. Eastman Kodak Co.*, 2004 WL 2271402, at *3 (W.D.N.Y. Sep. 7, 2004); *see Duncan*, 646 F.2d at 1030 (finding that although "there [we]re important similarities between the subject matters of [a prior case] and the present suit," the defendant had not met its burden of proving a substantial relationship); *Rodriguez*, 214 F.R.D. at 68 ("It is clear that the underlying facts of the previous case are wholly unrelated to the facts giving rise to the present case.").

In sum, having carefully reviewed the submissions of the parties, the Court is convinced that the relationship between Mr. Echter's prior matters and this case is not so "patently clear" and the issues are not sufficiently "identical," nor "essentially the same," *see Bergeron*, 225 Conn. at 399, so as to warrant Mr. Echter's disqualification. Nor is the Court convinced that Mr. Echter is in

---

[3] While *Kenny* dealt with discrimination within the New Haven Police Department, the discrimination in that case was against the Plaintiff individually, and was described as "heavy-handed, unsubtle administrative discrimination resulting in his virtual isolation and eventual termination." *Kenny*, 197 Conn. at 273 (internal quotations omitted). The case did not implicate discrimination on the basis of any constitutionally-protected category, such as race, gender, or national origin.

possession of any confidential information from the City that bears on the specific issues in this case.

Accordingly, Defendant's Motion to Disqualify [doc. # 61] is DENIED.

                                            IT IS SO ORDERED,


                                /s/        Mark R. Kravitz
                                      United States District Court


Dated at New Haven, Connecticut: **September 5, 2006**.